UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA TIMOTHY JEMISON,

              Petitioner,

        -against-

STATE OF NEW YORK; THOMAS WALSH
III, ROCKLAND COUNTY DISTRICT
ATTORNEY; NABEELA MCLEOD,
ASSISTANT DISTRICT ATTORNEY; CELIA
MORREL, ASSISTANT DISTRICT
ATTORNEY; KEVIN F. RUSSO, JUDGE,
ROCKLAND COUNTY COURT; SPRING
VALLEY POLICE DEPARTMENT;
ROCKLAND COUNTY JAIL; ALL NAMED
OFFICERS AND AGENTS,

              Respondents.

25-CV-4950 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

      Petitioner Joshua Timothy Jemison, who is currently confined in Marcy Correctional

Facility, brings this action *pro se*.  He styles this action as a "Verified Emergency Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241."  Petitioner brings this suit against the

State of New York, Rockland County District Attorney Thomas Walsh III, Assistant District

Attorneys Nabeela McLeod and Celia Morrel, Judge Kevin F. Russo, the Spring Valley Police

Department, Rockland County Jail, and "all named officers and agents."[1]  In addition to his

claims arising under Section 2241, in the body of the petition, Petitioner seeks to remove his

Rockland County criminal proceedings, and he asserts civil rights claims under 42 U.S.C. § 1983

for alleged violations of his constitutional rights during his arrest and prosecution.

---

[1] Petitioner also lists Rockland County Jail Officers Lowe and Bitts in the body of the
petition (ECF 1 at 4), but he does not list these individuals in the caption of the petition.

By order dated June 18, 2025, the Court granted Petitioner leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (ECF No. 5.)  For the reasons set below, the Court dismisses the petition, with 30 days' leave to replead.

## STANDARD OF REVIEW

A state pretrial detainee may challenge the legality of his detention in a petition for a writ of *habeas corpus*, on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Court has the authority to review the petition, and to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the [petition] that the … person detained is not entitled [to such relief]."  28 U.S.C. § 2243.  The Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them "to raise the strongest arguments they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

As to civil rights claims, the Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

2

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555). The Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678-79 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from the petition. Petitioner Joshua Jemison alleges that on September 5, 2023, he was falsely accused of attempted murder and weapon possession, in Spring Valley, New York. He states that the Spring Valley police lacked lawful warrants, misrepresented evidence, and tampered with surveillance videos. (ECF No. 1, at 5.)

Petitioner alleges that he turned himself in to law enforcement on September 8, 2023, but states that a probable cause hearing was not held within 48 hours of his arrest. Petitioner alleges that at an unspecified proceeding, the presiding judge and the District Attorney refused to allow Petitioner's video evidence, which allegedly would have established that he had acted in self-defense. (*Id*.) Throughout 2023 and 2024, Petitioner was "forced" to accept court-appointed counsel against his will, and Judge Russo was "adversarial" and denied Petitioner's *pro se* motions. (*Id*.)

Petitioner contends that, from September 2023 until the filing of the petition, he was subjected to systemic racial bias and malicious prosecution, in that he was targeted due to his political associations and civil rights affiliations. Petitioner states that he was subjected to "gang-stalking" and "domestic terrorism," though it is unclear how or by whom. (*Id.* at 6.)

In April 2025, Judge Russo reportedly threatened increased jail time if Petitioner failed to accept a "forced plea deal." (*Id.*) Petitioner seeks removal of his state court criminal proceedings to federal court, under 28 U.S.C. § 1443(1), because the state court allegedly refuses to enforce his federally protected rights, has denied his right to proceed *pro se*, and is allegedly conducting proceedings in bad faith.

Petitioner also asserts generally that his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments have been violated by the Spring Valley Police Department, Rockland County Jail[2], and the District Attorney and Assistant District Attorneys involved in his prosecution.

Petitioner seeks release from detention, vacatur of pretrial orders, removal of his case to federal court, and declaratory judgments regarding the violations of his rights. He also seeks a temporary restraining order and preliminary injunction against further criminal proceedings, compensatory and punitive damages totaling $35,000,000, expungement of records, production of suppressed evidence, and disclosure of certain communications and transcripts.

## DISCUSSION

**A.    Notice of Removal**

To remove a state court criminal action to a federal district court:

---

[2] Petitioner was incarcerated at Rockland County Jail when this action commenced.

[a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

A defendant removing a criminal action to a federal district court must file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). With the notice of removal, the criminal defendant must file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." [3]  *Id.*

The removing defendant has the burden of establishing that a case is within the federal district court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) ("[F]ederal courts construe the removal statute[s] narrowly, resolving any doubts against removability."). If it clearly appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(b)(4).

Although Petitioner requests removal of his state-court prosecution to federal court, he fails to submit a notice of removal. Rather, his pleading is styled as a hybrid civil complaint and *habeas corpus* petition under Section 2241, in which he alleges that a series of state actors violated his constitutional rights. Petitioner does not include "a copy of all process, pleadings,

---

[3] "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3).

and orders served upon" him in the state-court action as required by Section 1455(a).  On this basis alone, Petitioner's request for removal of his state case to federal court is denied.

Even if Petitioner had included a copy of all process, pleadings, and orders served upon him in the state prosecution, the notice of removal would still be improper.  Criminal cases may be removed to federal court in very limited circumstances.  Those circumstances include a criminal prosecution commenced in state court against a federal officer "if it is 'for or relating to any act under color of [federal] office[.]'" *New York v. Trump*, 158 F.4th 458, 460 (2d Cir. 2025) (quoting 28 U.S.C. § 1442(a)).  Those circumstances also include state prosecutions of members of the armed services if they are prosecuted for actions taken under color of office.  28 U.S.C. § 1442a; *see, e.g., State of Ga. v. Westlake*, 929 F. Supp. 1516, 1520 (M.D. Ga. 1996) (finding a service member's removal of state-court prosecution for vehicular homicide improper where he did not present a federal defense, explaining that the service member "does not contend that he was under orders to disobey local traffic laws or that the accident was the result of any order given to him by his superiors").  Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see People of State of N. Y. v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965) (explaining that Section 1443 "applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights" (cited with approval by *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966)).

Petitioner does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office.  He also does not assert any facts showing that he cannot enforce his federal equal rights in his state-court criminal proceeding.  *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal

6

prosecution where defendant is denied equal civil rights). "That a [defendant] will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1)." *Id.* Petitioner's allegations that Judge Russo denied his motions to proceed *pro se* and acted in a manner that Petitioner characterizes as "adversarial" are insufficient to plead that, in the state court, he would be denied rights concerned with racial equality. Petitioner therefore does not satisfy his burden of showing that removal under Section 1443(1) is proper.

The Court therefore concludes that removal is not proper and summarily remands the prosecution to Rockland County Court. *See* 28 U.S.C. § 1455(b)(4).

**B.     *Habeas Corpus* Relief**

Petitioner filed this action while he was confined in the Rockland County Jail, and he styles this application, in part, as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The petition, however, does not clearly set forth grounds for relief or specify what relief he seeks through Section 2241. Petitioner asserts that he was detained for more than 48 hours before his probable cause hearing, that his prosecution is proceeding despite a lack of probable cause, and that his prosecution is being used "as a tool of racial and political retaliation." (ECF No. 1, at 11.)

Relief for a state pretrial detainee who does not have a judgment may, in some cases, be available in a petition under 28 U.S.C. § 2241.[4]  In the time since Petitioner commenced this

---

[4] *See Robinson v. Sposato*, No. 11-CV-0191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2011); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

action, however, he has been convicted and transferred to state prison, where he is currently serving a sentence. Because Petitioner has since been convicted and is now in state custody pursuant to a state court judgment, his claims for Section 2241 *habeas corpus* relief from pretrial detention are moot. *See Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [the petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). The Court therefore dismisses as moot Petitioner's claims for *habeas corpus* relief under Section 2241. *See* 28 U.S.C. § 2243.

If Petitioner would like to challenge the validity of his conviction or the length of his current confinement in state prison, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after first exhausting his available state-court remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).[5]

## C.    Civil Rights Claims

Petitioner seeks damages for alleged violations of his constitutional rights, and invokes 42 U.S.C. §§ 1981, 1983, and 1985.[6] Petitioner sues his prosecuting attorneys (Rockland County District Attorney Thomas Walsh III and Assistant District Attorneys Nabeela McLeod and Celia Morrel), the judge presiding over his criminal proceedings (Judge Kevin F. Russo), the Spring

---

[5] Because it is evident that Petitioner has not exhausted his state-court remedies regarding his judgment of conviction, the Court will not at this time recharacterize his Section 2241 petition as a petition seeking relief under Section 2254.

[6] He also invokes criminal statutes, 18 U.S.C. §§ 1581, 2340, 1512, 241, 242, 514, the federal Administrative Procedure Act, 5 U.S.C. § 8477 and §§ 551-706, the All Writs Act, 28 U.S.C. §§ 1651, 1654, Rules 60(b)(4) and 69(b)(4) of the Federal Rules of Civil Procedure, and the Convention Against Torture.

Valley Police Department, Rockland County Jail, and the State of New York.  As explained below, none of these Respondents are amenable to suit.

### 1. Prosecutorial Immunity

Petitioner sues the prosecuting attorneys in both their individual and official capacities, for their conduct during his criminal prosecution.  For the reasons set forth below, the Court must dismiss all individual-capacity claims against these prosecutors under the doctrine of prosecutorial immunity.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).   Prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019).

Here, Petitioner's individual-capacity claims against Respondents Walsh, McLeod, and Morrel are based on Respondents' actions within the scope of their official duties and in conducting pretrial proceedings.  Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).  *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous

if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### 2. Judicial Immunity

Petitioner brings individual-capacity claims against the judge who presided over pretrial proceedings in state court, Kevin F. Russo. As explained below, the Court must dismiss all individual-capacity claims against Respondent Russo under the doctrine of judicial immunity.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Petitioner fails to allege any facts to suggest that Respondent Russo acted beyond the scope of his judicial responsibilities or outside of his jurisdiction. *See Mireles*, 502 U.S. at 11-

12. Because Petitioner sues Respondent Russo for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Petitioner's individual-capacity claims against Respondent Russo because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### 3. Sovereign Immunity

Petitioner sues the State of New York and asserts official-capacity claims against the prosecutors and judge involved in his prosecution and pretrial proceedings. The Court dismisses Petitioner's claims against the State of New York and all claims against the prosecutors and judge in their official capacities.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted). The immunity recognized by the Eleventh Amendment "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (alteration and citation omitted). This immunity shields states and their agencies from claims for money damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "To the extent that a state official is sued . . . in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Thus, the

11

Eleventh Amendment precludes claims against state-officer defendants, in their official capacities, for damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02; *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022).

Here, Petitioner asserts official-capacity claims against the prosecutors and judge involved in his prosecution and pretrial proceedings, as well as claims directly against the State of New York.   The Court therefore dismisses Petitioner's official-capacity claims and the claims against the State of New York because these claims are barred by the Eleventh Amendment, and are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).[7]

---

[7] Petitioner's official-capacity claims for injunctive relief against Respondent Russo fail for additional reasons.  First, while Petitioner describes past injuries related to his then-pending prosecution and pretrial confinement, he does not describe a likelihood of future injuries.  He therefore lacks standing to seek prospective injunctive relief, which is the only relief available in an official-capacity claim against a state officer. *See Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."); *Shtrauch v. Dowd*, 651 F. App'x 72, 74 (2d Cir. 2016) (holding that plaintiff was not entitled to declaratory relief against judicial officer where plaintiff "alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law").

Second, despite Petitioner's conclusory allegation that Respondent Russo acted in an adversarial manner towards him in denying his motions, the Supreme Court has held that litigants and state-court judges who adjudicate their disputes in court generally lack the adversity necessary to support standing to seek prospective injunctive relief against the judges. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 39–40 (2021) ("Private parties who seek to bring S. B. 8 suits in state court may be litigants adverse to the petitioners.  But. . .  state-court judges who decide them generally are not. . . . Judges exist to resolve controversies about a law's meaning or its conformance to the Federal and State Constitutions, not to wage battle as contestants in the parties' litigation.").

12

**4.**  **Claims against the Spring Valley Police Department and Rockland County Jail**

Petitioner also asserts claims against the Spring Valley Police Department and the Rockland County Jail.  In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located.  *See* Fed. R. Civ. P. 17(b)(3).  Under New York law, municipal agencies cannot be sued in the name of the agency, unless state law provides otherwise.  *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*.").

The Spring Valley Police Department is not a suable entity and therefore Petitioner's claims against the Spring Valley Police Department must be dismissed.  *Scott v. Vill. of Spring Valley*, No. 11-CV-4167 (NSR), 2014 WL 3841831, at *3 (S.D.N.Y. Aug. 1, 2014), *aff'd*, 577 F. App'x 81 (2d Cir. 2014) (citing *Tribie v. Parwanta,* No. 10-CV- 6016 (VB), 2012 WL 246619, at *5 (S.D.N.Y. Jan. 26, 2012)).  Considering Petitioner's intention to pursue claims against an administrative arm of the Village of Spring Valley, the Court dismisses all claims against the Spring Valley Police Department and substitutes in its place, under Rule 21 of the Federal Rules of Civil Procedure, the Village of Spring Valley as a defendant.  This substitution is without prejudice to any defenses that the Village of Spring Valley may wish to assert.

Similarly, Petitioner's "claims against the Rockland County Jail must be dismissed because 'a jail is not an entity that is amenable to suit.'"  *LaTouche v. Rockland Cnty.*, No. 22-CV-1437 (CS), 2022 WL 1292291, at *1 (S.D.N.Y. Apr. 29, 2022) (quoting *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983).  Considering Petitioner's

13

intention to pursue claims against an administrative arm of Rockland County, the Court dismisses all claims against the Rockland County Jail and substitutes in its place, under Rule 21, Rockland County as a defendant.

After the Rule 21 substitutions described above, Petitioner's claims under 42 U.S.C. §§ 1981, 1983, and 1985 are asserted against the Village of Spring Valley and Rockland County. Petitioner nevertheless fails to state a claim against those municipalities under those statutes.

      a.   Section 1983

Petitioner asserts that the Village of Spring Valley and Rockland County violated his constitutional rights. Even if Petitioner had alleged a violation of his constitutional rights, he fails to set forth facts suggesting that these municipalities were the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell*, 436 U.S. at 692); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following:

14

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

In the pleading, Petitioner neither alleges the existence of any municipal policy, widespread practice, or custom, nor that any such municipal policy, practice, or custom caused a violation of his rights.  He has therefore failed to state a claim against the municipalities under Section 1983.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Petitioner chooses to pursue his Section 1983 claims in an amended pleading, he must: (1) set forth facts showing that his constitutional rights were violated, (2) name as defendants any persons or entities who caused the violation of his constitutional rights, and (3) if he intends to pursue Section 1983 claims against municipalities, set forth facts showing that a municipal policies, widespread practices, or customs were the moving force behind the violation of his constitutional rights.

> b.   Section 1981

To the extent Petitioner seeks to bring claims under 42 U.S.C. § 1981 against the municipalities that are separate from his claims under Section 1983, the Court dismisses those claims.  "[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of rights guaranteed in § 1981 by state governmental units."  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *see Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (holding "that § 1981 does not provide a separate private right of action against" persons acting under color of law besides Section 1983).  The Court therefore dismisses

any claims Petitioner seeks to assert under Section 1981, for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### c.  Section 1985

Petitioner also asserts claims that Respondents, including the municipalities, engaged in a conspiracy to violate his federal civil rights, which would be actionable under 42 U.S.C. § 1985(3).  To state a claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States.  *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). In addition, a plaintiff must show that the conspiracy was  motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus."  *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).

Vague and unsupported assertions of a claim of conspiracy will not suffice.  *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order).  To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."  *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Petitioner fails to state a claim for conspiracy under Section 1985.  He alleges no specific, nonconclusory facts suggesting that any named Respondent entered into an agreement to deprive Petitioner of his civil rights or took any overt act directed towards those ends.  Petitioner also fails to set forth any well-pleaded facts suggesting that any party's conduct was motivated by animus based on Petitioner's race, color, or other protected characteristic.  The Court therefore

dismisses Petitioner's claims under Section 1985 for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.        Private Prosecution**

Petitioner alleges that Respondents committed crimes against him.  In making those allegations, Petitioner appears to seek the criminal prosecution of Respondents.  The Court must dismiss the claims seeking such relief.   Neither Petitioner nor the Court can direct prosecutors to initiate a criminal proceeding against anyone, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).  "[T]he decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981).   To the extent that Petitioner seeks to file a criminal action, the Court dismisses claims seeking such relief for lack of standing and for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (citation omitted))

**E.        Supplemental Jurisdiction Declined**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Petitioner may be asserting.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of

17

§ 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.      Leave to Amend Granted**

Petitioner proceeds in this matter without the benefit of an attorney.  District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).   Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because Petitioner may be able to allege additional facts to state valid claims under 42 U.S.C. § 1983 against the Village of Spring Valley and Rockland County, the Court grants Petitioner 30 days' leave to amend his complaint to detail those claims, and only those claims, consistent with the standards set forth above.

If Petitioner does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Petitioner's attempted removal of his criminal proceedings from Rockland County Court is improper, and the Court therefore remands the prosecution to Rockland County Court.  *See* 28 U.S.C. § 1455(b)(4).

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied as moot. Because Petitioner has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. §§ 2243, 2253.

The Court dismisses all claims against the State of New York, Thomas Walsh III, Nebeela McLeod, Celia Morrel, and Kevin F. Russo, on immunity grounds and as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii). The Clerk of Court is directed to terminate these respondents.

The Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to substitute as a defendant the Village of Spring Valley, in place of the Spring Valley Police Department. The Clerk of Court is also directed, under Rule 21, to substitute as a respondent Rockland County, in place of the Rockland County Jail. The Clerk of Court is directed to terminate the Spring Valley Police Department and the Rockland County Jail as respondents.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   March 4, 2026
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name               Middle Initial          Last Name

_____

Street Address

_____

County, City                  State            Zip Code

_____

Telephone Number           Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

Defendant 2:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

Defendant 3:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

Page 4

Defendant 4: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

---

---

---

---

---

---

---

---

---

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

---

---

---

---

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

---

---

---

---

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7